

ENTERED
06/18/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ALAN G ROBY; fdba ROBYCO | § | CASE NO: 06-60154 |
| ENTERPRISES, INC.; fdba ROBYCO | § | |
| REMODELING | § | |
| Debtor(s) | § | |
| | § | CHAPTER 13 |
| | § | |
| TERRI HICKS | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-6001 |
| | § | |
| ALAN G ROBY | § | |
| Defendant(s) | § | |

**ORDER**
**DENYING MOTION TO DISMISS**
**(DOC # 11)**
**GRANTING MOTION TO AMEND**
**(DOC # 13)**

Terri Hicks ("Plaintiff") filed this adversary proceeding on January 12, 2009, alleging that Alan Roby ("Debtor") "intentionally and purposefully defrauded" Plaintiff. The complaint more specifically alleges that prior to filing his voluntary bankruptcy petition, Debtor misrepresented a number of facts concerning his wholly owned corporation's need for additional capital, concerning the proposed use of additional capital, and concerning a substantial increase in value that the corporation would enjoy if it were able to obtain the additional capital. The complaint further alleges that as a consequence of these misrepresentations, Plaintiff made a $100,000 loan in exchange for a corporate note and a pledge of the corporate stock, but that Debtor used the $100,000 loan proceeds personally, to pay personal debt, and then "walked away from" his obligations to Plaintiff. Plaintiff asks the Court to deny Debtor's discharge under Bankruptcy Code § 523(a)(2).

A. Motion to Dismiss for Failure to State a Claim

In docket # 11, Debtor asks the Court to dismiss the complaint for failure to state a claim on which relief can be granted. Debtor argues that Plaintiff cannot be held liable as a guarantor because Debtor only signed the note in his capacity as president of the corporate borrower and did not sign as guarantor.

The motion is denied. The complaint alleges liability in fraud, not liability as guarantor. Contrary to Debtor's argument in the motion to dismiss, the allegation that Debtor guaranteed the debt does not appear in the complaint.

B. Motion to Dismiss for Failure to Join a Required Party

In docket # 11 Plaintiff also asks the Court to dismiss for failure to join the corporation as a party defendant. Plaintiff alleges that the principal obligor on a note is a required party in a suit against the guarantor of the note.

The motion is denied. The complaint alleges liability in fraud, not liability as guarantor. Contrary to Debtor's argument in the motion to dismiss, the allegation that Debtor guaranteed the debt does not appear in the complaint.

C. Motion for Leave to Amend

In docket # 13, Plaintiff asks for permission to amend the complaint. The parties, alleged transaction, and operative facts are identical in the original complaint and in the proposed amendment. The only material change is that Plaintiff asks for denial of discharge under Bankruptcy Code § 523(a)(4) in addition to § 523(a)(2).

Debtor objects to the proposed amendment alleging that allowing the amendment would cause undue delay. There is no allegation of any specific prejudice, expense, or harm that would result from allowing the amendment; the allegation is a generalized annoyance at continued litigation. Debtor also asserts that it would be inequitable to allow amendment of the complaint after an initial suit was dismissed in state court for failure to join a necessary party and after suit in state district court was stayed by the bankruptcy proceeding. Finally Debtor alleges that it is inequitable to allow Plaintiff to amend after Debtor has "developed his defenses" and counsel has filed the motion (discussed above) to dismiss for failure to state a claim. The Court concludes that these specific arguments do not have merit. Contrary to the allegations in Debtor's objection to amendment of the complaint, the amendment does not substantially change the complaint or the nature of the proceeding, is not apparently dilatory, and does not unduly prejudice Debtor.

The complaint was filed January 12, 2009. The pretrial conference was held on March 3, 2009. The discovery deadline is October 9, 2009. Trial is scheduled for November 19, 2009. The motion to amend was filed April 12, 2009. The Court sees no harm from delay that would be caused by allowing the amendment.

Debtor has made no other objection to the timeliness of the complaint or the amendment[1] or to the viability of the cause of action. The Court rules only on the issues raised by Debtor.

The jurisprudence suggests that an amendment allowed under FRCP 15 relates back to the date that the complaint was filed.

> We do not suggest that an amended complaint adding a ground of challenge to the dischargeability of a particular debt would not relate back, for purposes of Bankruptcy Rule 4007(c), to the time of filing of

[1] *Kontrick v.Ryan*, 540 US 443 (2004).

> the same creditor's original complaint challenging the dischargeability of the identical debt. Courts have applied Fed.R.Civ.P. 15(c) to amended complaints filed after the Rule 4007(c) sixty-day period for filing complaints had expired. *See, e.g.*, *In re Fondren*, 119 Bankr. 101, 104 (Bankr.S.D.Miss.1990) ("Under the facts of this case, the allegations upon which the proposed amendment under section 523(a)(6) are based are the very same as those presented in the original complaint which alleged a violation of section 523(a)(2). Therefore, under Rule 15(c) . . . the requested amendment here is allowable and will relate back to the date of the original complaint."); *In re Heath*, 114 Bankr. 310, 312 (Bankr.N.D.Ga.1990) (Original complaint alleging nondischargeability under § 523(a)(4) amended to allege nondischargeability under § 523(a)(6) after Rule 4007(c) time period expired will relate back if claims under § 523(a)(6) arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint.). *In the Matter of Maurice L. BERCIER, M.D., Debtor. BANK OF LOUISIANA*, 934 F.2d 689 (5th Cir. 1991), footnote 7.

*See also Jackson v. Cherry (In re Cherry)*, 2006 Bankr. LEXIS 2942 (Bankr. S.D. Tex. Oct. 25, 2006).

Therefore, the motion to amend is granted.

SIGNED 06/18/2009.

Wesley W. Steen
United States Bankruptcy Judge